IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

       Plaintiff,

v.                            Criminal Action No. 5:94CR21-01
                                                 (STAMP)
ERIC ARTHUR WALTON,

       Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] defendant, Eric Arthur Walton, filed a motion for resentencing pursuant to 18 U.S.C. § 3559(c)(7).[2]  On April 10, 1994, the defendant was found guilty on six counts of an indictment in this criminal action.  On July 27, 1994, this Court sentenced the defendant to a term of life in prison on Counts One and Six, to run concurrently; twenty years of imprisonment on Counts Two and Five, to run concurrently with each other and with the other counts; and five years of imprisonment on Counts Three and Four, to run concurrently with all other counts.  A notice of prior convictions had been filed pursuant to 21 U.S.C. § 851(a).  The information of prior crimes filed pursuant to 21 U.S.C. § 851(a)(1)

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

[2]The defendant erroneously listed the section as 18 U.S.C. § 3559(b)(7).

provided information that the defendant had two previous
convictions.  Specifically, on March 2, 1978, the defendant was
found guilty of possession with intent to distribute marijuana and
distribution of marijuana, both in violation of 21 U.S.C.
§ 841(a)(1) and on March 11, 1985, the defendant pleaded guilty to
use of communication facility to distribute cocaine in violation of
21 U.S.C. § 843(b).  On May 19, 1998, the United States Court of
Appeals for the Fourth Circuit affirmed his conviction.  The United
States Supreme Court denied the defendant's writ of certiorari on
June 25, 2002.  After the defendant filed his motion for
resentencing, the government responded, to which the defendant
filed a reply.  The defendant filed a supplement to his motion, to
which the government responded.  In addition, the defendant filed
several pleadings, styled as motions, which asked this Court to
take judicial notice of certain cases that he believed supported
his position.[3]

In his motion for resentencing, the defendant contends that
this Court wrongfully enhanced his sentence in this case based upon
his conviction in Criminal Action 1:85-cr-33.  The defendant claims
that he pleaded guilty to a misdemeanor, not a felony.  The
defendant relies on an order issued by Judge Irene Keeley in Civil

---

[3]On November 24, 2009, Magistrate Judge James E. Seibert
entered an order construing the defendant's motions for judicial
notice as supplemental memoranda and directing the Clerk to term
those motions and construing defendant's motion to supplement his
pending motion for resentencing as a supplemental memorandum.

Action 1:03-cv-207, in which she states in denying his petition for a writ of error coram nobis: "Thereafter, on March 11, 1985, Walton entered a guilty plea, again in the United States District Court for the Northern District of West Virginia, to using a telephone facility to obtain cocaine for personal use in violation of 21 U.S.C. § 843(b). . . ." Use of a telephone facility to obtain cocaine for personal use is a misdemeanor. The defendant believes that this language shows his 1985 conviction for a felony was improper.

This Court referred the defendant's motion for resentencing to United States Magistrate Judge James E. Seibert for review and recommendation. Magistrate Judge Seibert issued a report and recommendation, recommending that this Court deny the defendant's motion for resentencing. The defendant filed timely objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant has filed

objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III.   Discussion

Title 18, United States Code, Section 3559(c) provides that a defendant is subject to a mandatory life term of imprisonment if he has certain prior convictions.   A defendant may be resentenced pursuant to 18 U.S.C. § 3559(c)(7) if a prior conviction is vitiated or found unconstitutional:

> If the conviction for a serious violent felony or serious drug offense that was a basis for sentencing under this subsection is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person if pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall be resentenced to a new sentence that was available at the time of the original sentencing.

18 U.S.C. § 3559(c)(7).

In his motion, the defendant states that Judge Keeley's order denying his petition for error coram nobis in Civil Action 1:03-cv-207 vitiates his March 11, 1985 felony conviction.   The defendant asserts that he is innocent of this felony because he was actually utilizing a telephone to obtain a controlled substance for personal use which is classified as misdemeanor, not a felony.

Magistrate Judge Seibert recommends that the defendant's motion for resentencing be denied.   In his objections to the report and recommendation, the defendant concedes that the offense listed

in the Information cited in the magistrate judge's report and recommendation is a felony. The defendant believes that the Information was never made part of the Rule 11 Colloquy, admitted by the defendant, or described by the investigating agent, and runs afoul of the defendants's version of the offense contained in the presentence report.

After a <u>de novo</u> review, this Court agrees with the magistrate judge that the defendant's motion must be denied. In Criminal Action 1:85-cr-33, the defendant pleaded guilty to Count One of a single count Information, which stated that the defendant did:

> unlawfully, knowingly, and intentionally use a communication facility, that is the public telephone system in committing, causing and facilitating the commission of felonies under Title 21, United States Code, Sections 841(a)(1) and 846, that is distribution of cocaine, and the conspiracy to distribute cocaine, also known as "coke," a Schedule II narcotic controlled substance, as designated by Title 21, United States Code, Section 812(c), Schedule 11(a)(4), to James York Snyder at Del Ray Beach, Florida; in violation of Title 21, United States Code, Section 843(b).

As mentioned above, the defendant believes that the Information was never made part of the Rule 11 Colloquy or admitted by the defendant. During the Rule 11 Colloquy, Judge William M. Kidd asked the defendant if he had received a copy of the Information. Plea Tr. 12. The defendant stated that he had received it. <u>Id</u>. The defendant also twice stated that he understood that the information stated that he used the telephone in committing or causing the facilitating and the commission of a felony involving

cocaine.  Id. at 12, 14.  He also stated that he understood that he could receive up to eight years of imprisonment for the offense. Id. at 15.  Also at the plea hearing, the government's witness testified that one-quarter pound of cocaine was seized from the defendant and that the telephone call in question involved a cocaine transaction.  Id. at 18.  The defendant agreed with this characterization of the facts on the record.  Id. at 19.  Further, the Judgment and Commitment Order states that the defendant "has been convicted as charged of the offense(s) of the use of a communication facility to distribute cocaine in violation of Title 21, United States Code, Section 843(b) . . ."  The evidence clearly shows that the defendant knowingly pleaded guilty to a felony.

Additionally, this Court notes that the defendant used this same argument in a "Motion for Correction of an Illegal Sentence Pursuant to Rule 35 of the Federal Rules of Civil Procedure," filed in Criminal Action 1:84-cr-100.  In ruling on that motion, Judge Keeley stated that the language in her opinion denying the defendant's writ of error coram nobis did not vitiate the defendant's felony conviction.  She held that "[t]o the extent that any dicta in a subsequent order of this Court appears to conflict with this overwhelming evidence, the Court finds that the weight of the evidence controls.  Walton's conviction is a felony."  The Fourth Circuit affirmed Judge Keeley's order on April 30, 2008. The defendant then filed a motion for reconsideration with Judge

Keeley on July 6, 2009, which the court denied. The Fourth Circuit affirmed that decision on February 19, 2010.

As the magistrate judge correctly stated, in order to grant a motion for resentencing, the defendant must show: (1) his conviction was found unconstitutional; (2) his conviction was vitiated on the explicit basis of innocense; or (3) he is pardoned on the explicit basis of innocense. 18 U.S.C. § 3559(c)(7). The defendant has not met any of these elements. Accordingly, this Court denies the defendant's motion for resentencing pursuant to 18 U.S.C. § 3559(c)(7).

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendant's motion for resentencing is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and counsel of record herein.

DATED:    July 28, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE