# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC ARTHUR WALTON,**

    **Petitioner,**

v.                                         **Civil Action No. 5:14cv12**
                                                **Criminal Action No. 5:94cr21**
                                                **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 31, 2014, the petitioner filed a "Motion Under 28 U.S.C. § 2255(f)(3) and/or 28 U.S.C. § 1651 Audita Querela in Light of the 'Watershed Rule' Announced in <u>Alleyne v. United States</u>.[1] On that same date, the Clerk of Court issued a Notice of Deficient Pleading. On February 24, 2014, the petitioner completed this court's form Motion Under 28 U.S.C. § 2255 and referenced his original pleading.

### II. Factual and Procedural History

The petitioner was one of four defendants originally named in a seven-count indictment, which included forfeiture provisions, by a federal grand jury for the Northern District of West Virginia on February 10, 1994. The petitioner was charged in Count One, a conspiracy count related to possession with intent to distribute marijuana; Count Two, a conspiracy count relating to laundering monetary instruments; Counts Three and Four, interstate transportation in aid of racketeering; Count Five, laundering of monetary instruments; and Count Six, aiding and abetting

---

[1] 133 S.Ct. 2151 (2013).

in the possession with intent to distribute marijuana within 1000 feet of a school. On April 10, 1994, petitioner was found guilty on all counts by a jury.

On July 27, 1994, petitioner was sentenced to a term of life in prison as to Counts One and Six, to run concurrently; 20-years in prison as to Counts Two and Five, to run concurrently with each other and with the other counts; and five-years imprisonment as to Counts Three and Four, to run concurrently with all other counts. The petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit which affirmed his conviction on May 19, 1998. The petitioner then filed a writ of certiorari before the United States Supreme Court which was denied on January 11, 1999.

In the meantime, the morning after the jury returned its verdict, the Court was notified by a juror who had served on this case and another juror had said she was approached at her home during the trial and was offered a sum of money in exchange for a verdict in favor of the petitioner. The court, immediately thereafter, conducted an *in camera* hearing with the petitioner and all other interested parties in attendance to determine the circumstances surrounding the communication with the juror, the impact of that communication upon the juror and whether such communication was prejudicial to the petitioner. Thereafter, on April 25, 1994, the petitioner filed a pro se motion for a mistrial and for a new trial based upon the private communication with a juror in question. In July 20, 1994, this court denied the petitioner's motions. On March 5, 1997, following an investigation by the Federal Bureau of Investigation, a jury trial commenced which resulted in guilty verdicts for the petitioner and the person who attempted to bribe the juror. Both were found guilty of conspiracy to defraud the United States and influencing a juror. On June 11, 1997, the petitioner filed another motion for new trial which was denied by the court on January 30, 1998. That decision was affirmed

by the United States Court of Appeals for the Fourth Circuit by unpublished opinion on May 19, 1998.[2]

The petitioner filed his first § 2255 motion on July 6, 1999. In it, he argued that the United States did not comply with 21 U.S.C. § 851 because it failed to file a notice of information setting forth petitioner's previous convictions for the purpose of enhancing his ultimate sentence. The petitioner argued that because no such notice of information was filed, the court lacked jurisdiction to impose the enhanced sentence of life imprisonment due to his career offender status. The petitioner also argued that the offense charged in Count One should be suspended. Finally, the petitioner argued that he was not properly designated as a career offender because the illegal use of a communication facility is not a proper triggering offense for career offender status. Following the receipt of the Report and Recommendation by Magistrate Judge James E. Seibert, and consideration of objections filed by the petitioner, the court adopted the Report and Recommendation and dismissed the Motion to Vacate on February 28, 2002. On November 20, 2002, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.(Doc. 122).

In his current Motion under § 2255 or for Writ of Audita Querela, the petitioner relies on the recent decision in <u>Alleyne</u>. In that decision, Supreme Court held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In sum, the petitioner alleges that the indictment in his case was in violation of all mandatory legal principles that require that a defendant be put on proper notice of the elements and activity that establish a violation of federal law, enter a knowing and intelligent plea, prepare a defense, and allow a jury to establish guilt and remove the

---

[2]See <u>United States v. Walton</u>, 1998 WL 279562 (4th Cir. 1998).

presumption of innocence. Although no specific relief is requested, the undersigned assumes that the petitioner is seeking to have his criminal conviction vacated.

In concluding his petition, the petitioner notes that he is not labeling nor presenting his instant motion as a second or successive § 2255 motion, based on the fact that there was no opportunity for redress through an original § 2255 filing under the "New Law" scheme that went into effect in 1987 and was thought to be "correct" at the time the petitioner initiated his first § 2255. Therefore, the petitioner maintains that he is submitting his current motion to vacate pursuant to § 2255(f)(3)/audita querela.

### IV. Analysis

**A. Second or Successive**

The undersigned turns first to the petitioner's assertion that his current motion falls under the provisions of 28 U.S.C. § 2255(f)(3) and not § 2255(h). In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[3]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[3]The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997; Beard v. Pruett, 134 F.3d 615 (4th Cir.) cert. denied, 523 U.S. 371 (1998).

applicable to cases on collateral review;[4] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The undersigned notes that even if this section of the habeas statute was applicable to the instant matter, the petitioner's reliance on it and Alleyne are misplaced because said decision is not retroactively applicable to cases on collateral review. As previously noted, Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); *see also* In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013) Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013)( all finding that Alleyne does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. *See e.g.,* Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), which found that facts increasing the statutory **maximum** must be submitted to the jury and

---

[4] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)).

Despite petitioner's assertion to the contrary, this petition is indeed second or successive. Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h).

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current § 2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Therefore, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack of jurisdiction.

**B. Writ of *Audita Querela***

"At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable

relief from a legal judgment because of some defense or discharge arising after the entry of judgment." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citation omitted). However, although Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished *audita querela* in the civil context, in United States v. Morgan, 246 U.S. 502 (1954), the Supreme Court found that common law writs potentially survive in the criminal context pursuant to the All Writs Act. Therefore, *audita querela* is potentially available "where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and thus is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). Nonetheless, such common law writs survive only to the extent that they "fill the gaps" in the current system of federal post-conviction relief. Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

In this case, the petitioner is barred from consideration of his Alleyne claim pursuant to another motion to vacate under 28 U.S.C. § 2255 because it is not retroactive to cases on collaterally review and because of § 2255's limitation on successive petitions. However, simply because the petitioner cannot, at this time, successfully raise his claims in the appropriate manner, that does not mean that there is a "gap" in the current system of federal post-conviction relief. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (the statutory limits on successive habeas petitions does not create a "gap" in the post-conviction landscape that can be filled with common law writs); Valdez-Pacheco, 237 F.3d 1080 *cited with approval in* In re Watkins, No. 06-07807, 2007 WL 1041035 (4th Cir. 2007) (unpublished) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs."). To find otherwise would be nonsensical. Every prisoner currently limited by the rules of retroactivity and the restrictions of §

2255 would simply be able to bypass those limitations merely by filing a writ of *audita querela* and those limitations would have no meaning. Such action would fly in the face of the express intent of Congress in enacting the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, Title I, § 105, 110 Stat. 1214, 1220 (AEDPA), that limits the rights of prisoners to file § 2255 motions.

Thus, because the petitioner's claims are cognizable in a § 2255 motion, even if he is barred from raising them at this time, the writ of *audita querela* is not available to him. See United States v. Richter, 510 F.3d 103 (2d Cir. 2007) (finding writ of *audita querela* not available to defendant raising Booker claim, even though time-barred from raising claim under § 2255); Carrington v. United States, supra (writ of *audita querela* not available to defendant seeking relief under Booker, even though defendant barred by raising claim in a successive § 2255 motion); see also United States v. Juvera, 2008 WL 2949545 (E.D.Ark. July 30, 2008) (*audita querela* not available to challenge sentence where defendant is time-barred from raising issue under § 2255); Brown v. United States, 2007 WL 4723378 (D.S.C. Nov. 2, 2007) (writ of *audita querela* not available to circumvent restrictions of 28 U.S.C. § 2255).

### V. Recommendation

For the foregoing reasons, it is hereby recommended that the Court enter an Order **DENYING WITH PREJUDICE** the petitioner's motion (Doc. 170) for lack of jurisdiction.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United

States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 8, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE