IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC ARTHUR WALTON,

    Petitioner,

v.                                            Civil Action No. 5:14CV12
                                                     (Criminal Action No. 5:94CR21)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE AND
DENYING AS MOOT PETITIONER'S MOTION OF JUDICIAL NOTICE**

I.   Background

On January 31, 2014, Eric Arthur Walton ("Walton") filed a pro se[1] petition requesting that this Court vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 and requesting a writ of audita querela pursuant to 28 U.S.C. § 1651. The petitioner challenges the validity of a sentence imposed by this Court following a jury trial in which the petitioner was found guilty of six counts: (1) conspiracy to possess marijuana with the intent to distribute; (2) conspiracy to launder money; (3) and (4) interstate transportation in aid of racketeering; (5) laundering of money; and (6) aiding and abetting distribution within 1,000 feet of a school. The petitioner appealed his conviction, it was affirmed by the United States Court

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

of Appeals for the Fourth Circuit and a writ of certiorari was denied by the United States Supreme Court. Further, the petitioner was later convicted of conspiracy to defraud the United States and influencing a jury after information came to light that the petitioner attempted to bribe jury members from his initial conviction. That conviction was also affirmed by the Fourth Circuit. The petitioner then filed his first § 2255 which was denied and a certificate of appealability was also denied.

In the current petition, the petitioner contends that his petition is not a second or successive petition, but rather falls under § 2255(f) based on Alleyne[2] which was decided after his conviction. Further, he argues that if he cannot receive relief under § 2255, he should receive relief based on a writ of audita querela.

The underlying petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Kaull entered a report recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice based upon his finding that a § 2255 petition is not available to this petitioner because the relief sought by the petitioner falls under § 2255(h) because Alleyne is not retroactive. Thus, because the petitioner has not sought a

---

[2]Alleyne, v. United States, 133 S. Ct. 2151 (2013).

2

certificate of appealability from the Fourth Circuit, this Court does not have jurisdiction. Further, the magistrate judge found that the writ of audita querela can only be used to fill the gaps of current post-conviction remedies and thus the petitioner is not entitled to relief. This is so because (1) Alleyne is not retroactive and (2) if Alleyne is made retroactive, the petitioner could then bring another § 2255 under § 2255(f) and thus there is not a gap that would warrant the granting of the writ.

The petitioner then filed a motion of judicial notice of the United States Supreme Court's case, Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). The petitioner argues that it does not matter if Moncrieffe is retroactive because the holding in that case makes him actually innocent of his initial conviction. Finally, the petitioner filed untimely objections to the report and recommendation. The petitioner reiterates his Alleyne argument and Moncrieffe argument in his objections.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge is affirmed and adopted in its entirety and thus, the petitioner's objections are overruled. Further, the Court finds that the petitioner's motion for judicial notice is denied as moot as the petitioner raised the applicability of Moncrieffe in his objections and this Court finds below that Moncrieffe is not applicable.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo. Further, the petitioner's motion of judicial notice of Moncrieffe will be considered with the petitioner's objections as his objections assert that Moncrieffe is applicable to this action.

## III. Discussion

A. *Alleyne* and Writ of Audita Querela

The petitioner argues in his petition and in his objections that Alleyne is applicable to his case and thus, he is entitled to relief pursuant to § 2255. In the alternative, the petitioner contends that if he cannot receive relief under § 2255, he is entitled to relief pursuant to a writ of audita querela.

In Alleyne, the United States Supreme Court held that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Supreme

4

Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. According to the Seventh and Tenth Circuits, because <u>Alleyne</u> is merely an extension of <u>Apprendi</u>, and the Supreme Court has decided that other rules based on <u>Apprendi</u> do not apply retroactively on collateral review, this implies that <u>Alleyne</u> is also not to be retroactively applied. <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013); <u>In re Payne</u>, 733 F.3d 1027, 1030 (10th Cir. 2013).

This Court agrees with such reasoning and finds that such rule should not be applied retroactively on collateral review, as it is not a watershed rule of criminal procedure as described in <u>O'Dell v. Netherland</u>, 521 U.S. 151 (1997). Further, this decision is in line with numerous other courts that have also found that <u>Alleyne</u> should not be retroactively applied because it is a mere extension of <u>Apprendi</u>. See <u>United States v. Reyes</u>, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); <u>United States v. Eziolisa</u>, No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); <u>United States v. Stanley</u>, No. 09-0022, 2013 WL 3752126 (N.D. Okla. July 16, 2013); <u>Affolter v. United States</u>, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013).

Thus, based on the above, this Court has held and holds in this action that <u>Alleyne</u> is not to be applied retroactively. As such, this Court agrees with the magistrate judge that <u>Alleyne</u> is

not applicable to this action and cannot afford the petitioner relief pursuant to § 2255(f)(3).[3]

Based on the above, the petitioner's claims must be considered under 28 U.S.C. § 2255(h) as a second or successive § 2255 petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a gatekeeping mechanism. Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); United States v. Betancourt, 3:01-CR-25-5, 2013 WL 5966436 (N.D. W. Va. Nov. 8, 2013). Thus, his claims must be dismissed as the petitioner has not sought relief from the appropriate court of appeals for a certificate of appealability.

Finally, this Court agrees with the magistrate judge in dismissing the petitioner's claims in regards to a writ of audita

---

[3]Title 28, United States Code, Section 2255(f)(3) holds that a petitioner may bring a § 2255 petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

6

querela as this common law writ may only be used to "fill the gaps" in the current system of federal post-conviction relief. Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997). As noted by the magistrate judge, 28 U.S.C. § 2255 would allow the petitioner to file a successive petition if Alleyne is eventually found to be retroactive. As such, there is not a "gap" that would need to be filled by the granting of such a writ.

B.  *Moncrieffe* and Motion for Judicial Notice

After reviewing Moncrieffe, this Court finds that it is inapplicable to this case. Moncrieffe dealt with an underlying state court conviction that was being qualified under federal standards to determine whether or not the state court conviction qualified as an "aggravated felony." Moncrieffe, 133 S.Ct. at 1683. In this case, the petitioner was initially convicted in federal court based on valid federal criminal statutes. Thus, Moncrieffe is not applicable to the petitioner's case and would not provide him with any support for a finding that he is actually innocent.

Further, an actual innocence "claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (finding that

the Schlup standard is demanding and requires strong evidence of actual innocence). The petitioner has not presented any new evidence to support the overturning of his conviction nor has he shown that Moncrieffe is applicable or affects the evidence that was provided in support of his underlying conviction in this Court. Thus, he is still procedurally barred from filing a second or successive § 2255 petition.

IV. Conclusion

For the reasons stated above, based upon a de novo review, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 or for a writ of audita querela is DENIED. Further, because Moncrieffe is not applicable and this Court has overruled the petitioner's objections relating to Moncrieffe, the petitioner's motion for judicial notice is DENIED AS MOOT.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein and to the United States Court of Appeals for the Fourth Circuit. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      June 4, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE