IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.         Criminal Action Nos. 5:94CR21-01 and 5:96CR41-01
                                  (STAMP)
ERIC ARTHUR WALTON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO RECALL MANDATE/
AUDITA QUERELA UNDER 28 U.S.C. § 1651**

I. Background

The pro se[1] defendant, Eric Arthur Walton, has filed a motion to recall mandate or, in the alternative, for a writ of audita querela under 28 U.S.C. § 1651. The defendant requests that this Court recall the undersigned judge's decision to not recuse himself during the defendant's underlying prosecution or in the alternative utilize a writ of audita querela to overturn the defendant's conviction.

The defendant has made this motion in order to challenge the validity of a sentence imposed by this Court following a jury trial in which the defendant was found guilty of six counts: (1) conspiracy to possess marijuana with the intent to distribute; (2) conspiracy to launder money; (3) and (4) interstate transportation

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

in aid of racketeering; (5) laundering of money; and (6) aiding and abetting distribution within 1,000 feet of a school. The defendant appealed his conviction, which was affirmed by the United States Court of Appeals for the Fourth Circuit and a writ of certiorari was denied by the United States Supreme Court. Further, the defendant was later convicted of conspiracy to defraud the United States and influencing a jury after information came to light that the defendant attempted to bribe jury members from his initial conviction. That conviction was also affirmed by the Fourth Circuit. The defendant then filed his first petition pursuant to 28 U.S.C. § 2255 challenging his sentence which was denied and a certificate of appealability was also denied. Thereafter, the defendant filed a second or successive § 2255 petition and motion for a writ of audita querela pursuant to 28 U.S.C. § 1651. The defendant's petition and motion were denied by this Court. The defendant has appealed that decision to the Fourth Circuit. That appeal is currently pending.

In his current motion, the defendant argues that the undersigned judge should have recused himself because of his relationship with Arthur M. Recht and Terrence M. Gurley, two attorneys who had represented the defendant in a 1977 federal criminal matter. Those attorneys were members of the undersigned judge's law firm before his term as a federal judge began in July 1990. The defendant further contends that those attorneys knew of

2

payoffs the defendant had made to a judge of the Circuit Court of Ohio County, West Virginia, Judge George Spillers, in a prior 1974 state criminal matter. Additionally, the defendant asserts that the United States Attorney for the Northern District of West Virginia who prosecuted him in the 1977 federal criminal matter, William D. Wilmoth, had been a partner of the undersigned judge's firm in which the undersigned judge was also a partner. The defendant argues that these circumstances required the undersigned judge to recuse himself because his prior federal conviction, wherein he was represented by attorneys from the undersigned judge's former law firm, was used during sentencing to determine his term of imprisonment.

For the reasons that follow, this Court finds that the defendant's claims are without merit and thus, his motion should be denied.

## II. Discussion

Initially, this Court notes that the defendant has requested that this Court recall the mandate denying the defendant's motion for recusal and overturn the defendant's sentence. The order denying his motion for recusal was not a "mandate." The mandate that was entered in regards to this action as a whole was that entered by the Fourth Circuit denying the defendant's appeal of his conviction. Accordingly, this Court cannot overturn such a mandate. However, this Court will consider the defendant's motion

based on its merits to determine whether this Court's earlier decision was made in error and thus require this Court to inform the Fourth Circuit of such error.

A.  Recusal

Title 28, United States Code, Section 455 provides, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances
> . . .
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it . . . .

As to subsection (a), "[t]he question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989) (quoting Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978)). Thus, a court must look at the facts of the case and determine whether a reasonable factual basis exists for doubting a judge's impartiality. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995).

Under subsection (b)(2), the key determination is whether or not the undersigned judge or a former associate of his law firm served as an attorney in the matter in controversy or in a matter concerning the matter in controversy. United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). Thus, the prior association must be "'sufficiently related' to the instant action to 'constitute parts of the same matter in controversy.'" Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 167 (4th Cir. 2014), cert. denied, No. 13A1265, 2014 WL 3702532 (U.S. Nov. 3, 2014) (citation omitted). As such, any former association that is "vague, tenuous, or speculative" will not establish a violation § 455(b)(2). DeTemple, 162 F.3d at 286.

1. Allegation of Payoffs to Judge Spillers

In this Court's order denying the defendant's original motion for recusal, this Court had addressed the defendant's allegations regarding Judge Spillers in a footnote. 5:96CR41-01, ECF No. 43 at 7, n.3. This Court noted that the defendant's allegations regarding the defendant's former attorneys and a pay off to Judge Spillers was not corroborated and that "[p]resumably, if such events took place or had any basis or foundation, they would have been immediately brought to the attention of the appropriate persons including this judge's former law firm." Id. As such, this Court found his allegations without merit.

The defendant now argues that he has evidence to corroborate his claim that Judge Spillers accepted pay offs in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (2000). The defendant has provided redacted reports from the Federal Bureau of Investigations ("FBI") which indicate that an investigation into the defendant's allegations had been conducted. An initial report states that the defendant told an investigating officer that he had made payoffs to Judge Spillers when he was arrested on local drug charges but that the defendant refused to discuss the matter with the FBI. A second report indicates that the defendant then changed his story and denied advising anyone that he had made payoffs to Judge Spillers or any public official. A third report states that Judge Spillers himself was questioned and he denied any social association with the defendant but admitted to having a drinking problem and that he might have met the defendant at a bar and not remembered doing so. However, Judge Spillers denied any allegations that he had received payoffs from the defendant.

Even with the new information presented by the defendant, this Court still finds that the defendant's allegations are not corroborated. The defendant himself denied that Judge Spillers had received payoffs and Judge Spillers also denied those allegations. The first report is clearly contradicted by the second and third reports, and thus does not provide enough for this Court to recall its initial order denying the defendant's motion for recusal.

2. <u>Attorneys of the Undersigned Judge's Former Law Firm</u>

The defendant argues that the undersigned judge should have recused himself because two attorneys from his former law firm had represented the defendant in a 1977 federal drug case and the defendant's conviction was considered during the sentencing of the defendant in this Court. To reiterate, a judge's prior relationship or involvement with an attorney in a former law firm or a case must be "'sufficiently related' to the instant action to 'constitute parts of the same matter in controversy.'" <u>Kolon Indus. Inc.</u>, 748 F.3d at 167.

The undersigned judge was not involved in the 1977 federal drug case nor was the undersigned judge privy to any information related to that case. The defendant cites <u>In re Rogers</u>, 537 F.2d 1196 (4th Cir. 1976), to support his claim. However, <u>In re Rogers</u> is clearly distinguishable from this action. In <u>In re Rogers</u>, the Fourth Circuit found that the district court judge should have recused himself where the defendants would be calling a partner of the judge's prior law firm who had been there while the judge worked there and the partner's testimony would be used as part of the defendants' defense. <u>Id.</u> at 1198. Thus, the prior association that the judge had in <u>In re Rogers</u> with one of his partners would affect an outsider's view of the judge's impartiality. In this case, however, no such question would arise as the defendant's conviction in this matter did not require this Court to review any

defenses based on the 1977 federal criminal action wherein the defendant had been represented by two members of the undersigned judge's former law firm.

Further, almost 20 years had elapsed between the undersigned judge's former law firm's involvement with the defendant and the defendant's 1994 criminal action in this Court. Cipollone v. Liggett Group, Inc., 802 F.2d 658 (N.J. 1986) (affirming district court's denial of motion for recusal where questioned representation had occurred over 15 years prior); School Dist. of Kansas City, Missouri v. State of Mo., 438 F. Supp. 830 (W.D. Mo. 1977) (same). Additionally, as noted above, there is no merit to the defendant's argument that he or his attorneys in the 1977 federal drug case had given payoffs to Judge Spillers. Thus, there is no basis to tie the prior law firm's representation of the defendant to the defendant's underlying conviction in this action.

    3.   <u>AUSA Wilmoth</u>

This Court had previously informed the defendant that AUSA Wilmoth was not a member of the undersigned judge's law firm during the 1970s criminal cases as he was an Assistant United States Attorney at that time. Additionally, this Court noted in its order denying the first motion for recusal that his subsequent association with the undersigned judge's former law firm would not constitute a violation of § 455(a) or § 455(b)(2). Thus, without

8

any further support, the defendant's claims as to AUSA Wilmoth are also without merit.

B.  Writ of Audita Querela

This Court also finds that a writ of audita querela should not be issued as this common law writ may only be used to "fill the gaps" in the current system of federal post-conviction relief. <u>Doe v. INS</u>, 120 F.3d 200, 203 (9th Cir. 1997). The arguments made by the defendant could have been raised on direct appeal or in a § 2255 petition. Thus, there are no gaps in the current system of federal post-conviction relief that this Court would fill by granting such a writ.

III.  Conclusion

Based on the analysis above, this Court finds that the defendant's motion to recall mandate/audita querela under 28 U.S.C. § 1651 are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> defendant by certified mail.

DATED:    December 2, 2014

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE