# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC ARTHUR WALTON,**

    **Petitioner,**

v.                                             **Civil Action No. 5:15cv52**
                                                   **Criminal Action No. 5:94cr21-1**
                                                   **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 30, 2015, the petitioner filed a "Motion Under 28 U.S.C. §2255(f)(4) in Light of the Attorney General's Policy Change as to Utilization of 21 U.S.C. §851," along with a Motion for Discovery Pursuant to Rule Six Governing 28 U.S.C. §2255. The Clerk of Court issued a Notice of Deficient Pleading. On July 20, 2015, the petitioner completed this court's form Motion Under 28 U.S.C. §2255 and referenced his original pleading. Additionally, petitioner filed another copy of his earlier Motion for Discovery Pursuant to Rule Six Governing 28 U.S.C. §2255.

### II. Facts

**A. Conviction**

The petitioner was one of four defendants originally named in a seven-count indictment, which included forfeiture provisions, by a federal grand jury for the Northern District of West Virginia on February 10, 1994. The petitioner was charged in Count One, a conspiracy count related to possession with intent to distribute marijuana; Count Two, a conspiracy count relating to laundering monetary instruments; Counts Three and Four, interstate transportation in aid of

racketeering; Count Five, laundering of monetary instruments; and Count Six, aiding and abetting in the possession with intent to distribute marijuana within 1000 feet of a school. On April 10, 1994, petitioner was found guilty on all counts by a jury.

On July 27, 1994, petitioner was sentenced to a term of life in prison as to Counts One and Six, to run concurrently; 20-years in prison as to Counts Two and Five, to run concurrently with each other and with the other counts; and five-years imprisonment as to Counts Three and Four, to run concurrently with all other counts.

The morning after the jury returned its verdict, the Court was notified by a juror who had served on this case that another juror had said she was approached at her home during the trial and was offered a sum of money in exchange for a verdict in favor of the petitioner. The court immediately thereafter conducted an *in camera* hearing with the petitioner and all other interested parties in attendance, to determine the circumstances surrounding the communication with the juror; the impact of that communication upon the juror; and whether such communication was prejudicial to the petitioner. Thereafter, on April 25, 1994, the petitioner filed a *pro se* motion for a mistrial and for a new trial based upon the private communication with a juror in question. In July 20, 1994, this court denied the petitioner's motions. On March 5, 1997, following an investigation by the Federal Bureau of Investigation, a jury trial commenced which resulted in guilty verdicts for the petitioner and the person who attempted to bribe the juror. Both were found guilty of conspiracy to defraud the United States and influencing a juror. On June 11, 1997, the petitioner filed another motion for new trial which was denied by the court on January 30, 1998. That decision was affirmed by the United States Court of Appeals for the Fourth Circuit by unpublished opinion on May 19, 1998.[1]

**B. Appeal**

---

[1] See United States v. Walton, 1998 WL 279562 (4th Cir. 1998).

The petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit which affirmed his conviction on May 19, 1998. The petitioner then filed a writ of *certiorari* before the United States Supreme Court which was denied on January 11, 1999.

**C. Federal Habeas Corpus**

**1) First §2255 Motion**

The petitioner filed his first §2255 motion on July 6, 1999. In it, he argued that the United States did not comply with 21 U.S.C. §851 because it failed to file a notice of information setting forth petitioner's previous convictions for the purpose of enhancing his ultimate sentence. The petitioner argued that because no such notice of information was filed, the court lacked jurisdiction to impose the enhanced sentence of life imprisonment due to his career offender status. The petitioner also argued that the offense charged in Count One should be suspended. Finally, the petitioner argued that he was not properly designated as a career offender because the illegal use of a communication facility is not a proper triggering offense for career offender status. Following the receipt of the Report and Recommendation ("R&R") by Magistrate Judge James E. Seibert and consideration of objections filed by petitioner, the court adopted the R&R and dismissed the Motion to Vacate on February 28, 2002. On November 20, 2002, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.[2]

**2) Second §2255 Motion**

On January 31, 2014, petitioner filed a Motion Under 28 U.S.C. § 2255(f)( 3) and/or 28 U.S.C. §1651 *Audita Querela* in Light of the 'Watershed Rule' Announced in <u>Alleyne v. United</u>

---

[2] Dkt.# 122.

States,[3] arguing that the indictment in his case was in violation of all mandatory legal principles that require that a defendant be put on proper notice of the elements and activity that establish a violation of federal law, so that he can enter a knowing and intelligent plea, prepare a defense, and allow a jury to establish guilt and remove the presumption of innocence. Following the entry of an R&R by Magistrate Judge John Kaull and consideration of petitioner's objections, On June 4, 2104, the court adopted the R&R, dismissed the Motion to Vacate for lack of jurisdiction as second and successive, and denied a certificate of appealability.

**3) Third and Instant §2255 Motion**

In his current Motion under §2255, the petitioner alleges that he was selectively prosecuted to his detriment,

    1) impeded from utilizing his Sixth Amendment right to trial, and later punished for going to trial by the Government's illegal use of a 21 U.S.C. §851 sentencing enhancement, resulting in discriminatory effect and intent, and rising to the level of prosecutorial misconduct;

    2) his Equal Protection rights to due process through the Fifth Amendment were violated, because he was treated differently than a similarly-situated individual; and

    3) the Attorney General's September 2014 Memorandum as to the Agency Clarification of 21 U.S.C. §851 has "both the substantive and retroactive impact delegated by Congress under 5 U.S.C. §551 [sic]."[4]

Petitioner alleges both that "a government impediment" prohibited him from perfecting his claim under the one-year statute of limitation and that his motion is timely under 28 U.S.C. §2255(f)(4) because the Attorney General's memorandum regarding 21 U.S.C. §851 could not have been discovered through the exercise of due diligence any sooner because it was not issued until September, 2014.

---

[3] 133 S.Ct. 2151 (2013).

[4] Dkt.# 222 at 8.

Although he requests no specific relief, the undersigned assumes that petitioner is seeking to have his criminal conviction vacated.

### III. Analysis

**A. Second or Successive**

The undersigned turns first to the petitioner's assertion that his current motion falls under the provisions of 28 U.S.C. §2255(f)(2) or (4). In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[5]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[6] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The undersigned notes that even if sections (2) or (4) of the habeas statute were applicable to the instant matter, the petitioner's reliance on the Attorney General's September 2014 memorandum regarding 21 U.S.C. §851 sentencing enhancements for prior convictions is

---

[5] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997; Beard v. Pruett, 134 F.3d 615 (4th Cir.) cert. denied, 523 U.S. 371 (1998).

[6] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

misplaced, because to the extent that petitioner posits constitutional challenges to §851 based on the prosecutor's discretion to file an information, his claim lacks merit. A prosecutor's discretion to "determine whether a particular defendant will be subject to the enhanced statutory maximum" is "similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect." United States v. Mendoza-Ramirez, 326 Fed. Appx. 705, 706 - 07 (4th Cir. April 29, 2009) *quoting* United States v. LaBonte, 520 U.S. 751, 761-62 (1997). "Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors." LaBonte, supra at 762; see also United States v. Allen, 160 F.3d 1096, 1108 (6th Cir. 1998)(finding no impermissible delegation of authority by Congress in affording discretion to prosecutors to choose between statutes carrying different penalties for identical conduct).

Further, to the extent petitioner alleges he was negatively impacted by the government's use of §851, a review of the R&R entered in his first §2255 motion indicates that although a §851 Information of Prior Crimes was filed by the Government on January 6, 1994,[7] indicating that petitioner had two (2) prior convictions,[8] such notice was not even required, because petitioner was a career offender[9] subject to a mandatory minimum life sentence for his conviction on Count Six,[10] and the Government sought enhancement under the Guidelines.[11] The requirements of §851 do not apply to enhancements under the sentencing guidelines for career offender status. See U.S. v. Flores, 5 F.3d 1070, 1081 (7th Cir. 1993), cert. denied, 114 S. Ct.

---

[7] Dkt.# 97 at 5.

[8] Criminal Numbers 77-83-E-06 and 85-33.

[9] See PreSentence Investigation Report, Dkt.# 204, ¶120 at 27.

[10] Id.

[11] Dkt.# 97 at 5.

884 (1994); United States. v. Whitaker, 938 F.2d 1551, 1552 (2nd Cir. 1991), cert. denied, 112 S. Ct. 977 (1992) (citing additional cases holding same).

Accordingly, despite petitioner's assertion to the contrary, this petition is indeed second[12] or successive. Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h).

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first §2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current §2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court. Therefore, pursuant to 28 U.S.C. §2244 and 28 U.S.C. §2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack of jurisdiction.

## IV. Recommendation

For the foregoing reasons, it is hereby recommended that the Court enter an Order **DENYING WITH PREJUDICE** the petitioner's motion (Dkt.# 211) for lack of jurisdiction.

---

[12] As noted *supra*, this is the petitioner's third §2255 motion.

Further, the undersigned recommends that petitioner's two pending Motions for Discovery Pursuant to Rule Six Governing 28 U.S.C. §2255 (Dkt.# 212 & 223) be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by August 5, 2015**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 22, 2015

/s/ James E. Seibert\
JAMES E. SEIBERT\
UNITED STATES MAGISTRATE JUDGE