IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC ARTHUR WALTON,

   Petitioner,

v.            Civil Action No. 5:15CV52
             (Criminal Action No. 5:94CR21)
UNITED STATES OF AMERICA,       (STAMP)

   Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Background

On April 30, 2015, Eric Arthur Walton ("Walton") filed a pro se[1] petition requesting that this Court vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The petitioner challenges the validity of a sentence imposed by this Court following a jury trial in which the petitioner was found guilty of six counts: (1) conspiracy to possess marijuana with the intent to distribute; (2) conspiracy to launder money; (3) and (4) interstate transportation in aid of racketeering; (5) laundering of money; and (6) aiding and abetting distribution within 1,000 feet of a school. The petitioner appealed his conviction, it was affirmed by the United States Court of Appeals for the Fourth Circuit and a writ of certiorari was

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

denied by the United States Supreme Court.  Further, the petitioner was later convicted of conspiracy to defraud the United States and influencing a jury after information came to light that the petitioner attempted to bribe jury members from his initial conviction.  That conviction was also affirmed by the Fourth Circuit.  The petitioner then filed his first § 2255 which was denied and a certificate of appealability was also denied.

The petitioner then filed a second § 2255 petition and/or 28 U.S.C. § 1651 audita querela petition pursuant to the United States Supreme Court's decision in Alleyne, v. United States, 133 S. Ct. 2151 (2013).  That petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.  Magistrate Judge Kaull entered a report recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice based upon his finding that a § 2255 petition is not available to this petitioner because the relief sought by the petitioner falls under § 2255(h) because Alleyne is not retroactive.  This Court affirmed and adopted that report.

In his current petition, the petitioner alleges that he was punished by the government for choosing to go to trial and that his sentence was enhanced because of his choice.  The petitioner further argues that his Fifth Amendment rights were violated because he was treated differently than a similarly-situated

2

individual.  Finally, the petitioner asserts that pursuant to the United States Attorney General's September 2014 memorandum clarifying 21 U.S.C. § 851, regarding the procedure for establishing prior convictions, any enhancement was incorrectly applied.  Thus, the petitioner contends that he qualifies under § 2255(f)(2) and (f)(4) and his limitation period has thus been tolled.

The magistrate judge found that even if §§ 2255(f)(2) and (f)(4) were applicable, the petitioner's claim regarding the Attorney General's September 2014 memorandum is without merit.  The magistrate judge found that the prosecutor has discretion to file an information regarding a particular defendant's subjection to an enhanced statutory maximum and thus the petitioner's argument is misplaced.  Additionally, the magistrate judge found that such notice was not required because the petitioner was subject to a mandatory minimum sentence because of his status as a career offender for his conviction on Count Six and the enhancement sought was thus sought under the United States Sentencing Guidelines.  As such, the magistrate judge found that the petitioner did not qualify under §§ 2255(f)(2) and (f)(4) and thus the petition is second or successive and must fail as he has not sought authorization from the Fourth Circuit.

The petitioner then filed objections arguing that the magistrate judge misconstrued his claims.  The petitioner argues

that he is asserting that the prosecutor's use of § 851 was done with improper motives. Further, the petitioner asserts that the magistrate judge incorrectly found that the sentencing guidelines were used to enhance his sentence and thus § 851 does not apply. Finally, the petitioner contends that because of the magistrate judge's misrepresentations, the magistrate judge improperly found that his petition was second or successive.

For the reasons that follow, this Court finds that the report and recommendation is affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

All § 2255 petitions are subject to a one-year statute of limitations period which begins to run from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The petitioner argues that subsections (2) and (4) apply in this action. However, this Court finds that the magistrate judge's finding that even if those sections applied the petitioner's arguments are without merit should be upheld.

As the magistrate judge noted, prosecutors are vested with the discretion to determine whether a defendant will be subject to a statutory enhancement. United States v. Mendoza-Ramirez, 326 F. App'x 705, 706-07 (4th Cir. 2009) (citation omitted). This discretion is not abused so long as it is not based on improper factors. United States v. LaBonte, 520 U.S. 751, 761-62 (1997). Thus, the petitioner must overcome a presumption that the prosecutorial decisions are proper and "'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)). Accordingly, "'so

5

long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" Armstrong, 517 U.S. at 464 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).

The petitioner must demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." Armstrong, 517 U.S. at 465 (citation omitted). To establish a discriminatory effect in this case, the claimant must show that similarly situated individuals were not prosecuted. Id.

It is unclear what group of individuals the petitioner is comparing himself to in this case. The petitioner seems to make the argument that he was discriminated against because he chose to go to trial versus take a plea agreement. However, the petitioner provides no support for this accusation other than conclusory statements. Moreover, the petitioner's sentence has previously been upheld and the petitioner has not asserted that either his sentence or the enhancement was not supported by probable cause. In short, the petitioner has failed to overcome the presumption that the prosecutor acted within his discretion in bringing the charges against the petitioner and ultimately in seeking an

enhanced sentence. Thus, the petitioner's objections are without merit.

Additionally, this Court upholds the magistrate judge's alternative finding that the petitioner's argument that he was negatively impacted by the use of § 851 is without merit. As the magistrate judge noted, the prosecution sought an enhancement under the Guidelines and the requirements of § 851 do not apply to enhancements under the sentencing guidelines for career offender status. See United States v. Flores, 5 F.3d 1070, 1081 (7th Cir. 1993), cert. denied, 114 S. Ct. 884 (1994). As such, this Court finds that the petitioner's objections inopposite are overruled.

Finally, this Court finds that the petition is a second or successive § 2255 petition. Section 2255 provides that a successive motion must be certified by a panel of the appropriate court of appeals and must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. To be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 petition was dismissed on the merits and he has not sought approval to file a

7

second or successive petition.  Therefore, this Court must dismiss his petition.

IV. Conclusion

Accordingly, after a de novo review, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.  The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED and his objections are OVERRULED.  Additionally, the petitioner's two motions for discovery (ECF Nos. 212 & 213) are DENIED AS MOOT.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter.  Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is

likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 19, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE