IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

    Plaintiff,

v.                                 Criminal Action Nos. 5:94CR21
                                             5:96CR41
ERIC ARTHUR WALTON,                      (STAMP)

    Defendant.

**ORDER DENYING DEFENDANT'S "REQUEST FOR RELIEF AS TO
IMPOSITION OF SUPERVISED RELEASE PURSUANT TO
28 U.S.C. § 1651 FOR AN ARGUMENT OF FIRST BLUSH"**

On March 4, 2019, the defendant in the above-styled criminal actions, Eric Arthur Walton ("Walton"), filed a pro se motion requesting consolidation of criminal case numbers (ECF No. 237) and a "request for relief as to imposition of supervised release pursuant to 28 U.S.C. § 1651 for an argument of first blush" (ECF No. 238).[1] Defendant asserts that, pursuant to the All Writs Act, he is "no longer serving a judicially imposed sentence, but instead a Presidentially commuted sentence resulting in the Court to lack jurisdiction to enforce any term of supervised release" because "there exists no provision to delegate supervised release back to the judicial court after a Presidential sentence has been imposed." ECF No. 238 at 2, 3. For relief, defendant requests this Court find that "it has no further jurisdiction over Defendant's term of thirteen years of Supervised Release." Id. at 7.

---

[1] All citations to CM/ECF docket numbers in this order refer to Criminal Action No. 5:94CR21 unless otherwise indicated.

This Court entered an order granting the defendant's motion (ECF No. 237) to the extent that it sought to consolidate his criminal actions and further directed the government to file a response to defendant's "request for relief as to imposition of supervised release pursuant to 28 U.S.C. § 1651 for an argument of first blush" (ECF No. 238). ECF No. 239.

The government filed a response in opposition to the defendant's request for relief. ECF No. 240. In response, the government asserts that "[o]n May 19, 2017, President Obama commuted Walton's sentence of imprisonment, 'leaving intact and in effect the 13-year term of supervised release with all its conditions and all other components of the sentence.'" Id. at 1. Further, the government contends that "[t]he 1-year limitation period to file a section 2255 motion attacking the court's jurisdiction to enforce the supervised release component of Walton's sentence expired on May 18, 2018," and adds that "Walton did not file a motion for such relief." Id. The government asserts that defendant waived any right to rely on the All Writs Act and such is not available to Walton. Id. at 2. Further, the government argues that "the court's jurisdiction to enforce Walton's supervised relief remains," and states that "[t]he motion should be denied because it is frivolous." Id. at 3.

Defendant filed a reply to the government's response in opposition and again argues that he is "no longer serving a judicial sentence, but a presidentially commuted one" asserting

that "[t]he President's commutation order simply closes the judicial door." ECF No. 243 at 3.

This Court has reviewed the defendant's motion and finds the grounds provided by defendant in support of the motion are without merit. Additionally, this Court has reviewed the authority cited by the defendant and upon review, finds that the authority does not afford the defendant relief. As the government points out in its response, President Obama commuted the defendant's sentence of imprisonment while "leaving intact and in effect the 13-year term of supervised release with all its conditions and all other components of the sentence." ECF No. 238-1 at 4. Additionally, this Court finds that the defendant waived his right to file the motion when he allowed the § 2255 limitation period to run out and that this Court's jurisdiction to enforce the defendant's term of supervised release remains. Thus, this Court finds no basis to grant the defendant's requested relief.

Accordingly, the defendant's motion styled as "request for relief as to imposition of supervised release pursuant to 28 U.S.C. § 1651 for an argument of first blush" (ECF No. 238) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail, to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED:     April 11, 2019

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE